The Honorable Steve Simon State Representative 13 Bud Chuck Lane Conway, AR 72032-9788
Dear Representative Simon:
This is in response to your request for an opinion on the following question:
 If it has been voted by a county quorum court that the county will pay for the Justices' of the Peace health insurance, is it legal for the county to change the policy and make each Justice of the Peace responsible for paying his own health insurance premium?
It is my opinion that the answer to this question is "yes."
Health insurance coverage for quorum court members is now authorized under A.C.A. § 14-14-1205(a)(3) (Repl. 1998), which provides as follows:
 In addition to any other compensation expense reimbursement or expense allowances provided members of the quorum court, counties may provide medical insurance coverage for members of the quorum court.
It is clear, in my opinion, from the use of the term "may," that the legislature intended to authorize, but not require, counties to provide medical insurance coverage for quorum court members. It is therefore my opinion, in response to your specific question, that this provision would not prevent a change in policy whereby members of the quorum court are responsible for paying their own health insurance premiums.
Nor, in my opinion, would such a change in policy otherwise be prohibited under Arkansas law. Please note in this regard that I have considered the constitutional and statutory prohibitions against decreasing the "compensation" of a "county officer" during a current term. See Ark. Const. amend. 55, § 5 and A.C.A. § 14-14-1203(d) (Repl. 1998). Section 5 of Amendment 55 states:
 Compensation of each county officer shall be fixed by the Quorum Court within a minimum and maximum to be determined by law. Compensation may not be decreased during a current term; provided, however, during the interim, from the date of adoption of this Amendment until the first day of the next succeeding month following the date of approval of salaries by the Quorum Court, salaries of county officials shall be determined by law. Fees of the office shall not be the basis of compensation for officers or employees of county offices. Per diem compensation for members of the Quorum Court shall be fixed by law.
A plain reading of this provision supports the conclusion that the prohibition therein concerning a decrease in compensation is directed toward that "[c]ompensation of each county officer" which is "fixed by the Quorum Court within a minimum and maximum. . . ." It is my opinion that this cannot reasonably be construed to encompass the medical insurance coverage authorized for members of the quorum court under §14-14-1205(a)(3). Even if such coverage could otherwise generally be considered "compensation," it seems clear from a reading of the whole text of § 5 of Amendment 55 that the prohibition therein regarding decreased compensation applies to the "[c]ompensation of each county officer[,]" as distinguished from the "[p]er diem compensation for members of the Quorum Court" addressed in the final sentence.
With regard to A.C.A. § 14-14-1203(d), this Code section states:
 DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
While a question may arise as to whether a quorum court member is to be considered a "county officer" under this provision, I do not believe it is necessary to resolve that issue in light of the plain language of §14-14-1205(a)(3), supra, authorizing the medical insurance coverage in question. The legislature has authorized this coverage "[i]n addition to any other compensation expense reimbursement or expense allowances. . . ."Id. Although the precise meaning of the term "compensation expense reimbursement" is somewhat uncertain, it is clear in my opinion that the authorized insurance coverage is to be viewed more in the nature of an expense item and that it is distinguishable from the "annual salary or compensation" addressed in § 14-14-1203(d). It is therefore my opinion that the insurance coverage does not fall within the prohibition therein concerning "[a]ny decrease in the annual salary or compensation[.]"
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh